**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, NY 10019-6079
Telephone (212) 752-8000
Facsimile (212) 752-8393
Leo V. Leyva, Esq.
James T. Kim, Esq.
Jacob S. Frumkin, Esq.
Matthew A. Barish, Esq.

*Attorneys for 263 W 34th Street Lender, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORNELL WEST 34 HOLDER LLC, | : | Case No. 22-41888-ESS |
| | : | |
| Debtor. | : | **Related to Docket No. 19** |
| | : | |

**OBJECTION OF 263 W 34TH STREET LENDER, LLC TO DEBTOR'S MOTION
TO EXTEND DEBTOR'S TIME TO FILE PLAN OF REORGANIZATION
AND SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. § 1121(d)(1)**

263 W 34th Street Lender, LLC ("Lender"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Motion to Extend Debtor's Time to File Plan of Reorganization and Solicit Acceptances Thereto Pursuant to 11 U.S.C. § 1121(d)(1)* [Docket No. 19] (the "Motion")[1] filed by Cornell West 34 Holder LLC (the "Debtor"), and respectfully represents as follows:

## BACKGROUND

**A.    The Loans and the Foreclosure Action**

1.    In June 2019, 257-263 W 34th Street LLC ("Borrower") obtained three (3) loans

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

(collectively, the "Loans") from an affiliate of Lender in the original aggregate amount of $52,000,000.00 in order to fund the completion of construction of a real estate development project located at 257-263 W 34th Street, New York (the "Property"), and to refinance existing debt that was encumbering the Property. In connection with the Loans, Borrower entered into a series of loan agreements, as applicable, with an affiliate of Lender, and Borrower executed and delivered a series of notes, as applicable, in favor of an affiliate of Lender (collectively, the "Loan Documents"). Borrower's obligations under the Loan Documents are secured by, among other things, a series of mortgages, as applicable, which are collateralized by the real property and improvements located on the Property. A detailed summary of the Loans, the Loan Documents, and the mortgages are described in and annexed to the complaint attached hereto as Exhibit 1 (the "Complaint"), which is incorporated herein by reference.

2. As additional security for the Loans, four individuals (collectively, the "Guarantors") executed a guaranty of recourse obligations (the "Guaranty"), whereby they guaranteed certain of Borrower's obligations under the Loan Documents pursuant to the terms provided therein. *See* Complaint, Ex. J.

3. On September 15, 2021, following several payment defaults by Borrower, an affiliate of Lender commenced a commercial mortgage foreclosure action (the "Foreclosure Action") against, among other defendants, the Borrower and the Guarantors, by filing the Complaint in the New York County Commercial Division of the Supreme Court of the State of New York (the "State Court").

4. In or around November 2021, all right, title, and interest in and to the Loans, the Loan Documents, the mortgages, and the Guaranty, among other documents related to the Loans and the Property, were assigned to Lender.

5.     On March 9, 2022, the Foreclosure Action was removed to the United States District Court for the Southern District of New York (the "District Court"), where it remains pending under Case No. 22-cv-1991.

6.     The Debtor is not a party to any of relevant mortgage loan documents at issue in the Foreclosure Action, has never appeared in the Foreclosure Action in the State Court, and did not seek to intervene in the Foreclosure Action in the District Court until August 2022.

**B.     The Bankruptcy Case**

7.     On August 3, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

8.     The Debtor alleges that it owns 15.03% of an entity that is three levels removed from the Borrower. *See* Declaration Pursuant to Local Bankruptcy Rule 1007-4 [Docket No. 1] (the "First Day Declaration"); Motion at ¶ 2.

**OBJECTION**

9.     Lender submits that the Debtor has not satisfied its burden of establishing "cause" for an extension of its exclusive periods under section 1121 of the Bankruptcy Code. *See* 11 U.S.C. § 1121; *see also In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586-87 (Bankr. S.D.N.Y. 2006). In the Motion, the Debtor asserts that the "relevant *Adelphia* factors favor the requested extension," without any explanation or discussion of the factors or which factors apply here. *See* Motion at ¶¶ 13-14. Rather, the sole basis upon which the Debtor relies to satisfy the *Adelphia* factors is that it has "moved the case forward administratively." *Id.* at ¶ 14. As this Court is aware, the only "progress" the Debtor has made, *over four (4) months after having filed the case*, was to obtain a bar date for filing proofs of claim. *See* Docket No. 12.

10. Notably, the Debtor's alleged basis for commencing this case, that it wants to "refinance and restabilize the Property" by exercising its alleged "equitable right of redemption," simply is not possible given that it does not have a right of redemption with respect to the Property. *See* First Day Declaration at ¶¶ 3-6; Motion at ¶¶ 6-7. This is because the Debtor is not the owner/mortgagor of, or the holder of an interest in, the Property. *See U.S. Bank Nat'l. Ass'n v. S. Side House,* No. 11-CV-4135 (ARR), *LLC*, 2012 WL 273119, *8 (E.D.N.Y. Jan. 30, 2012) ("The equity right of redemption is precisely that: a *right* of **the mortgagor** that may or may not be exercised.") (emphasis added and in original); Bergman on New York Mortgage Foreclosures § 2.21 (2022) ("Inherent in every mortgage is the right of the **owner** of the [property] to redeem it from the lien of that encumbrance . . . .[N]o person is empowered to redeem unless entitled to the mortgagor's estate or possessed of a subsisting interest under it."). Rather, the Debtor holds a mere 15.03% interest in an entity *three levels removed* from the actual owner of the Property (i.e., Borrower). *See Regency Holdings (Caymen), Inc. v. Microcap Fund, Inc. (In re Regency Holdings (Caymen), Inc.)*, 216 B.R. 371, 375 (Bankr. S.D.N.Y. 1998) ("[A] parent's ownership of all of the shares of the subsidiary does not make the subsidiary's assets the parent's."). Accordingly, because the Property is not part of the Debtor's estate and the Debtor does not have a "subsisting interest" in it, the Debtor does not have a right of redemption with respect to the Property.

11. Additionally, the Debtor alleges, *without any legal or factual support*, that the "Senior Debt" (i.e., the Loans) were transferred under "suspect" circumstances. Lender submits that none of the internal assignments within Lender's corporate structure were suspect, because all of the assignments were conveyed pursuant to valid and customary assignment documents.

4

12. Finally, to the extent the underlying property *was* part of the Debtor's bankruptcy estate (which is it not), this case would be a single asset real estate case in which cause likely exists for Lender to obtain relief from the automatic stay to foreclose on the Property given that the Debtor has not "filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time." *See* 11 U.S.C. § 362(d)(3); *In re RYYZ, LLC*, 490 B.R. 29, 46 (Bankr. E.D.N.Y. 2013) (granting creditor's stay relief motion because the single asset real estate debtor's plan did not have a "reasonable possibility" of being confirmed).

13. Accordingly, for the reasons described above, Lender respectfully submits that the Motion should be denied.

**RESERVATION OF RIGHTS**

14. Lender reserves all rights to further object to the Motion, including based upon any additional information furnished in response hereto or at any hearing hereon.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, Lender respectfully requests that the Court deny the Motion and grant such other relief as the Court deems just and proper under the circumstances.

DATED:  New York, New York
             December 15, 2022

**COLE SCHOTZ P.C.**

By: */s/ Jacob S. Frumkin*
    Leo V. Leyva, Esq.
    James T. Kim, Esq.
    Jed M. Weiss, Esq.
    Jacob S. Frumkin, Esq.
    Matthew A. Barish, Esq.
    1325 Avenue of the Americas, 19th Floor
    New York, NY 10019
    Telephone (212) 752-8000
    Facsimile (212) 752-8393
    Email:  lleyva@coleschotz.com
             jkim@coleschotz.com
             jfrumkin@coleschotz.com
             mbarish@coleschotz.com

*Attorneys for 263 W 34th Street Lender, LLC*